Boynton, J.
We think the court erred in sustaining the demurrer of the plaintiff below, to the first defense of the answer.
It appears, from the facts stated therein, that the dam over which the chute or passage-way for fish was constructed, was built more than fifty years ago, and that the defendant and those under whom he claimed had enjoyed its use uninterruptedly, and without any complaint from upper riparian owners, during that period of time. He traced his title, through *150 several mesne conveyances, to the state of Connecticut, and alleged that there was no reservation therein, or limitation upon the right or interest that they purported to convey. The-river across which the dam was constructed was non-navigable. No compensation was awarded for any injury to his property, or for that portion taken for the construction of the chute.
From these facts, there is little difficulty in solving the questions arising upon the assignments of error. For if it be granted that the upper riparian' proprietors of land on a non-navigable stream have the right to the free and unobstructed, passage of lish from the waters below to those adjoining their lands, or, where they own the bed of the stream, to the waters covering such bed, it is a right that inay be lost by adverse use in another; and the uninterrupted use and enjoyment of a dam across such stream, in the assertion of a right to such use, continued for the period of twenty-one years, are as conclusive of the right to such enjoyment in the future, as if the same were acquired by grant. The right of the upper owners to the free passage of lish up the river to their fisheries, is certainly no higher than their right to be protected against injuries resulting from setting water back upon their lands, and nó principle seems to be more firmly settled, than that the-exercise of such right adversely' by a lower owner for the period of twenty-one years, ripens into the right to continue such use, although none in fact existed before. Angelí on Watercourses, § 208, et seq.
The right by such use becomes vested, and is as fully within the protection afforded by the constitution against legislátive interference, as any other, however acquired. Assuming, therefore,, without deciding the point, that a lower owner has no right to obstruct the passage of fish up anon-navigable stream, by the erection of a dam across the same, or otherwise, to the injury of those above, they alone can complain, and if they permit an adverse enjoyment to ripen into a title, the right to cause such obstruction to be removed, is gone. Carter v. Murcot, 4 Burr. 2162. See also Bristow v. Cormican, 3 L. R. App. Cas. 666.
This is the condition of the present case. The right to the *151 unmolested use of tbe dam and to tbe bed of tbe stream, at the time the chute or passage-way was constructed, and at the time the statute was enacted, was the private property of the defendant below. It, therefore, could be taken from him only by observing the requirements of the constitution. To the extent his property was taken for public use, he was entitled to compensation, and unless required -for such use it could not be taken at all. Much less could the legislature require him to perform labor upon it, or be at any expense in fitting it for public enjoyment. The act of January 31, 1871, .under which the passage-way was constructed, seems founded on the doctrine that the right of the owner of the dam to construct the same across the river, although he may own to the thread of the stream, is subject to the implied limitation that he keep open a sufficient passage-way ffcr fish to the water above; and cases were cited in argument, from Massachusetts, which recognize such limitation to be well established in that commonwealth, whatever tlie rule may be elsewhere.
On the other hand, there are many well-considered cases, which deny the existence of any such limitation where the stream is non-navigable, and the adjoining owner’s boundary extends to the thread of the stream. Hargrave Law Tr. 5; People v. Platt, 17 Johns. 211; State v. Glen, 7 Jones N. C. 321. ¥e need not determine in the present case which line of decisions is correct, when applied to a dam newly erected, as the unconstitutionality of the act when applied to the facts stated in the answer is clearly established. If there was an implied obligation resting on the owner of the dam, to keep a way open for the passage of fish to the waters above, it was for the benefit of the upper owners, and for them only; and if they suffered an adverse use to ripen into an adverse right, the right thus acquired could neither be destroyed nor impaired by legislation. Cooley’s Const. Lim. 362, and note.
The demurrer to the facts stated as a second defense was properly sustained.
The original action having been brought before a justice of the peace, the jurisdiction of the court of common pleas, on *152 appeal, was limited in amount to the sum which was within the jurisdiction of the justice. This the defendant seems to concede by asking a judgment for only $300, on a counterclaim amounting to $1,000. But his claim was one for unliquidated damages, and, evidently believing that the right to divide the claim, and to withhold for future recovery all in excess of the sum for which the justice was permitted to enter judgment, was authorized by section 108 of the justices’ code, he withheld such excess and prayed a judgment for $300. This he was not authorized to do. The clause of the section which authorized a defendant to withhold the sum in excess of the jurisdiction of the justice, and to make the same the subject of a subsequent action against the plaintiff, does not relate to a claim for an unliquidated demand. If it did, it would give a defendant the benefit of two trials, to determine the whole amount to be recovered, and this without doubt would often result in inconsistent judgments. See Swan’s Treatise, 11 ed. 801. Where the demand set up is unliquidated, and exceeds the sum for which the justice is authorized to render judgment, the excess must be entirely remitted, or the justice is without jurisdiction to take action upon the claim.

Judgment reversed and cause remanded for further proceedin gs.